## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Criminal No.: 1:08-cr-10102-JDB |
| ) | |
| **MICHAEL R. LEMONS**, ) | |
| ) | |
| **Defendant.** ) | |

## MOTION TO REINSTATE SENTENCE

The United States respectfully moves for reinstatement of the original sentence ordered by this Court, and states as follows:

On July 2, 2009, Defendant pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  (Doc. 24.)  At sentencing, the Court found that Defendant was an armed career criminal under the Armed Career Criminal Act ("ACCA"), based on his three prior Tennessee convictions for aggravated burglary, and sentenced Defendant to 180 months of imprisonment.  (*See* Docs. 50, 51.)

Defendant filed a motion under 28 U.S.C. § 2255 challenging his ACCA-enhanced sentence based on the Sixth Circuit's en banc decision in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc) ("*Stitt I*").  (No. 1:16-cv-1158, Doc. 1, 7.)  *Stitt I* held that Tennessee's aggravated burglary statute is broader than the ACCA definition of burglary because it extends to mobile structures adapted for overnight accommodation, and thus a conviction under that statute did not qualify as ACCA burglary.  860 F.3d at 862.  This Court granted Defendant's claim based on *Stitt I*, finding that he no longer qualified as an armed career criminal.  (No. 1:16-cv-

1158, Doc. 9.)  The Court vacated the judgment in this case and sentenced Defendant to time served.  (Doc. 62.)  Defendant was released from custody, and the United States appealed.

The Supreme Court ultimately reversed the Sixth Circuit and held that burglary of a structure or vehicle that has been adapted or customarily used for overnight accommodation qualifies as the ACCA-enumerated violent felony of burglary.  *United States v. Stitt*, 139 S. Ct. 399, 405-07 (2018) ("*Stitt II*").  Following *Stitt II*, the Sixth Circuit issued a published opinion holding that *Stitt II* "necessarily undid this court's overruling" in *Stitt I* of its prior precedent.  *Brumbach v. United States*, 929 F.3d 791, 794 (6th Cir. 2019) (citing *United States v. Nance*, 481 F.3d 822 (6th Cir. 2007)).  In other words, the *Brumbach* court found that *Nance*'s holding—that "'Tennessee aggravated burglary represents a generic burglary capable of constituting a violent felony for ACCA purposes'"—"is once again the law of this circuit."  *Id.* (quoting *Nance*, 481 F.3d at 888).  The Sixth Circuit has since denied a petition for rehearing en banc in *Brumbach*.  *Brumbach v. United States*, No. 18-5703/5705, Doc. 44 (6th Cir. Sept. 16, 2019).

In the appeal of this case, the Sixth Circuit applied the binding precedent of *Brumbach* to find that Defendant's prior convictions for Tennessee aggravated burglary fall within the ACCA's generic definition of burglary.  *United States v. Lemons*, No. 17-5945/5947, Doc. 41-2 (6th Cir. Oct. 25, 2019).  The court therefore reversed this Court's grant of habeas relief to Defendant under § 2255 and remanded "with instructions to reinstate the original sentence."  *Id.*  The mandate issued on December 17, 2019.  (Doc. 42.)

Pursuant to that mandate, Defendant's original sentence should be reinstated, and he should be ordered to surrender to custody to serve the remainder of his 180-month sentence.

## **CONCLUSION**

For the forgoing reasons, and based on the entire record in this matter, Defendant's original sentence should be reinstated.

                    Respectfully submitted,

                    D. MICHAEL DUNAVANT
                    UNITED STATES ATTORNEY

By:    s/ Annie T. Christoff
                    Annie T. Christoff (TN BPR # 26241)
                    Assistant United States Attorney
                    167 North Main, Ste. 800
                    Memphis, TN 38103
                    Telephone:   (901) 544-4231
                    Email:   annie.christoff@usdoj.gov

**CERTIFICATE OF SERVICE**

    I, Annie T. Christoff, Assistant United States Attorney, hereby certify that a true and correct copy of the foregoing has been forwarded by electronic means via the Court's electronic filing system.

    This 6th day of January, 2020.

    By:    s/ Annie T. Christoff
              Annie T. Christoff (TN BPR # 26241)
              Assistant United States Attorney
              167 North Main, Ste. 800
              Memphis, TN 38103
              Telephone:    (901) 544-4231
              Email:    annie.christoff@usdoj.gov